166 F.3d 346
 98 CJ C.A.R. 6308
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gene BAKER, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 98-6068.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1998.
 
 D.C. No. CIV-97-66-T.
 Before BRORBY, BRISCOE, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the district court's affirmance of the Commissioner's decision denying his applications for disability insurance benefits and for supplemental security income. Plaintiff argues, as he did before the district court, that (1) the Commissioner failed to consider his combined impairments when determining if his impairments met or equaled a listed impairment and (2) the Commissioner failed to recognize the impact of his mental impairments on his ability to perform other work activity. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In reviewing this case, we apply the same standard of review that the district court applied. Thus, we review the Commissioner's decision "to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the legal standards." Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir.1998). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).
 
 
 4
 After carefully reviewing the briefs on appeal and plaintiff's appendix, we are satisfied that the district court thoroughly evaluated and properly rejected plaintiff's arguments under the proper standard of review. Therefore, we AFFIRM for substantially the reasons stated by the magistrate judge in his report and recommendation dated November 17, 1997, and adopted by the district court on January 20, 1998.[1]
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 We note that in his brief plaintiff mischaracterized the record twice. See, e.g., Zuchel v. City & County of Denver, 997 F.2d 730, 737 n. 2 (10th Cir.1993) (pointing out that plaintiff had mischaracterized record and at times arguably misrepresented it). First, plaintiff argues based on the testimony of the medical expert, Dr. Lowell, that he met the listings for coronary artery disease. See Appellant's Br. at 10; see also id. at 3-4. Although Dr. Lowell did state that plaintiff met the listings for a period of time, he further stated that none of plaintiff's impairments met the listings either singly or in combination after his bypass surgery. See Appellant's App. at 15 031-33. Dr. Lowell merely recommended additional examination or testing to determine if plaintiff still had significant coronary disease "according to the listings." Id. at 15 033-34. Also, plaintiff again misstates Dr. Boland's report, despite the district court pointing out the misstatement. See id. at 08 010-11 (finding by magistrate judge that plaintiff mischaracterized Dr. Boland's report). Plaintiff maintains that Dr. Boland assessed his mental abilities to do work activities as only fair. See Appellant's Br. at 13, 16. Dr. Boland, however, mostly assessed plaintiff's abilities as good to fair. See Appellant's App. at 49 004-05. We remind counsel of his professional responsibility to fairly and accurately present the facts of plaintiff's case. See United States v. Caro, 965 F.2d 1548, 1558 n. 3 (10th Cir.1992)